TRINA A. HIGGINS, United States Attorney (#7349)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GORDON HUNTER PEDERSEN,<br><br>Defendant. | Case No. 2:20-cr-216<br><br>UNITED STATES' POSITION REGARDING DETENTION<br><br>Judge David Barlow |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** **the possession or use of a firearm** or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony

at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

Underlying Case Facts

At the beginning of the COVID-19 pandemic, before the vaccine was available, Gordon Pedersen sold via the internet a "structural alkaline silver" product which he claimed "resonates, or vibrates, at a frequency that destroys the membrane of the virus, making the virus incapable of attach to any healthy cell, or to infect you in any way." On his YouTube videos, Pedersen claimed to be a board certified "Anti-Aging Medical Doctor". He claimed he has a PhD in immunology (false) and a PhD in Naturopathic Medicine (false). In most of his YouTube videos Pedersen wore a white lab coat monogramed with "Dr. Gordon Pedersen". Pedersen promoted his products through

website Mydoctorsuggests.com.




Bank records confirm that from January to end of April 2020, My Doctor Suggests experienced a 400% jump in revenue, generating approximately $2 million in that time frame.

Search warrants were executed on Pedersen's house on April 28, 2020 at which time he was interviewed by federal agents. During the interview Pedersen claimed that his silver solution "destroys" COVID-19 and admitted that he exaggerated his credentials on his advertisements.

Procedural Posture

On July 23, 2020, Gordon Pedersen was indicted by a federal grand jury for Mail Fraud, Wire Fraud, and Felony Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud and Mislead. A summons to appear in federal court was issued to defendant Pedersen's address where he had previously been interviewed by federal agents. He did not appear, but instead he fled from prosecution. Judge Bennett issued a warrant for his arrest on August 25, 2020.

Initial reports from case agents suggested that Pedersen may have escaped to a log cabin somewhere in Utah or Wyoming. Almost immediately after the bench warrant was issued, Pedersen started vexing the Court with sovereign citizen-type filings that were clearly frivolous. *See* Docket Entries 9, 10, 11, 12, 14, 17, 22, 26, 27, 28, and 29. Pedersen claimed in his correspondence with the Court, *inter alia*, that he is "not any

kind of U.S. citizen" but that he is instead a "corporate entity" and copyrighted "Living Soul". *See* ECF Docket No. 14, at 2-4. He also explicitly stated the Court does not have jurisdiction over him. *See* ECF Docket No. 11.

Pedersen has been on the run for the last 3 years. Agents with FDA-OCI and the US Marshals have made numerous attempts to locate him, including conducting multiple interviews and surveillance attempts. For example, in December 2020, while attempting to locate Pedersen, deputies with the United States Marshal Service interviewed Pedersen's wife, Julia Currey, who was uncooperative and told the deputies "she did not know where her husband was", but added that "[his lawyers and friends] were taking care of Gordon" and that they would not give his location to police.

On July 5, 2023, FDA-OCI Special Agent Paul Parkinson conducted surveillance at Pedersen's known address and observed the garage door of the residence open, after which a red in color sedan exited the garage and departed. Agent Parkinson followed the sedan, ran the license plate, and determined it was a rental car. He later learned the car was rented in Julia Currey's name. Agent Parkinson also observed that the sole occupant of the vehicle was Gordon Pedersen.

SA Parkinson followed Pedersen to a gas station in Lindon, observed him pump gas and go into the store. SA Parkinson later recovered surveillance footage from the gas station. Pedersen is seen purchasing both fuel and beverage with cash—avoiding the use of bank or credit cards.



Dangerousness and Risk of Flight.

Defendant has failed to appear in Court for 3 years. He has successfully evaded law enforcement all this time by receiving help from those around him. His relentless sovereign citizen claims add to the risk of flight and an indication that he will attempt to obstruct justice, but also present a danger to the community. There are no conditions that the Court could impose that would assure his appearance or safety to the community because he does not recognize the Court's jurisdiction.

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*/s Brian Williams*
BRIAN WILLIAMS
Assistant United States Attorneys